PITTMAN, Judge.
Donald P. Baldauf (“the husband”) appeals from a judgment of the Coffee Cir *1128 cuit Court that, among other things, dissolved his marriage to Julia Helen Baldauf (“the wife”), awarded the wife monthly-periodic alimony in the amount of $275, allocated 33% of the husband’s military-retirement benefits to the wife, and awarded the ¡wife one of two parcels, of real property and one of - two mobile homes owned by the parties during their marriage. We reverse and remand.
The record reflects' that the husband joined the United States Air Force in 1980; that the parties were married on June 2, 1988, after'the husband had served as an Air Force staff'sergeant for 8 years; that the husband left the Air Force om November 1, 2000 (12 years and 5 months later); that the husband receives $1,813 in gross military-retirement pay each month as his sole income; and that the parties separated in February 2013. Pursuant to 10 U.S.C. § 8914,¡ a member of the Air Force is entitled to request retirement when he or she has “at least 20 ... years of service” completed;,, thus, because the husband is receiving retirement pay, it can be inferred that he entered the service between January 1980 and June 1980, and that the husband had been in the Air Force between 8 and 8.4 years at the time the parties married.
At trial, the wife testified that she believed she - was .entitled to “half’ of the husband’s military-retirement benefits; counsel for the husband objected at that time that such an award would be outside the trial court’s authority. After the trial court had entered its judgment awarding the wife 33% of the husband’s retirement benefits and $275 in monthly periodic alimony, the husband, through new counsel, filed a postjudgment motion asserting that the alimony and property division were in violation of Ala.Code 1975, § 30-2-51(b)(3); however, the trial court allowed the postjudgment motion to be denied pursuant to Rule 59.1, Ala. R. Civ. P., rather than affording relief to the husband.
On appeal, the husband again contends that the trial court’s judgment is in violation of Ala. Code 1975, § 30-2-51 (b)(3), both as to the property division and the award of periodic alimony (which, he says, constitutes an indirect allocation of additional funds from his military-retirement benefits). The wife, although acknowledging the binding effect,of the statute, posits that the award of retirement benefits to her is proper because it amounts to only 33% óf the husband’s aggregate benefit and that the $275 monthly periodic-alimony award is justified because of her lack of employment or retirement income of her own. .
Alabama Code 1975, § 30-2-51(b),-pro-vides as follows:
“The judge, at his or her discretion, may include in the estate of either spouse the present value of any future, or current retirement benefits, thát a spouse.may have a vested interest in or may be receiving on the date the -action for divorce is filed, provided that the following conditions are met:
“(1) The parties have been married for a period of 10 years during which the retirement was being accumulated.
. “(2) The court shall not include in the estate the value of any retirement benefits acquired prior to the marriage including any. interest or appreciation of the benefits.
“(3) The total'amount of the retirement benefits payable to the non-covered spouse shall not exceed 50 percent of the retirement benefits that may be considered.by the court."
(Emphasis added.) As we stated in Smith v. Smith, 836 So.2d 893, 899-900 (Ala.Civ.App.2002), the thrust of § 30-2-51(b) is to empower the trial judge in a divorce action *1129 to divide the value of any retirement benefits that one spouse, such as the husband in this case, may be receiving on the date the action for divorce is filed, provided that “the parties have been married for 10 years as of that daté, that the judge divides only those retirement benefits acquired during the marriage, and that the judge awards the noncovered spouse no more than 50 percent of the benefits that may be considered by the court.”
In this case, the parties undis-putedly were married for more than the 10-year minimum specified in the first subdivision of § 30-2-51(b). However, the effect of the second subdivision in this case is to limit the trial court’s authority to division of only those retirement benefits acquired during the parties’ marriage. Because the husband was a member of the Air Force for approximately 12.4 years after the parties married and because his total Air Force service would have amounted to between 20.4 and 20.8 years, the percentage of the husband’s retirement benefits that could properly be said to have accumulated during the parties’ marriage amounted to between 59:6% and 60.8% of the total benefit earned by the husband during his tenure in the military.[1] Because the trial court could properly have awarded the wife only one-half of that percentage under the third subdivision of § 30-2-51 (b), the maximum percentage of the husband’s total retirement benefit that the wife could properly have been awarded as a component of the trial court’s property division was between 29.8% and 30.4%. Because the trial court in this case awarded more than that amount, i.e., 33%, that court necessarily erred as a matter of law.
The error of the trial court as to its division of property was compounded by its depision to award the wife $275 in monthly periodic alimony because, as the husband testified, the husband’s sole income is his monthly military-retirement pay. The husband correctly notes this court’s holding in Kreitzberg v. Kreitzberg, 80 So.3d 925, 934 (Ala.Civ.App.2011), to the effect that the trial court may not properly utilize an excessive award of periodic alimony “as a way to indirectly circumvent the provisions of’ § 30-2-51(b)(3), which, bar allocation of more than 50% of divisible portions of one spouse’s retirement benefits to the other spouse, in circumstances when retirement income is the payor spouse’s sole source of currént income.
Because the periodic-alimony and property-division aspects of the trial court’s judgment, taken together, are in violation of § 30-2-51(b) in this particular case, we reverse the trial court’s judgment and remand the cause for further proceedings consistent with this opinion. Because the trial court on remand will necessarily be called upon to reconsider the entire property division and periodic-alimony award based upon the legal principles we have enunciated here, we pretermit consideration.-of the husband’s remaining arguments to the effect that the alimony award and property division were inequitable in various other respects. See, e.g., Stover v. *1130 Stover, 176 So.3d 854, 863 (Ala.Civ.App.2015).
REVERSED AND REMANDED.
THOMPSON, P.J., and THOMAS, MOORE, and DONALDSON, JJ., concur.

. Because the present value of the husband’s retirement benefit can be readily ascertained from the monthly payments he was receiving according to his testimony, this court may properly assess the correctness of the trial court’s award of retirement benefits by resorting to simple math calculation^” to ascertain what percentage of the total of those benefits was subject to division under § 30-2-51(b). See Campbell v. Campbell, 41 So.3d 775, 781 (Ala.Civ.App.2009) (holding that trial court could properly award a divorcing spouse 42% of total pension of other spouse; a military pensioner, because parties’ marriage lasted for 18 years (or 84%) of the pensioner’s 21.5-year military service), overruled on another ground by A.B. v. J.B., 40 So.3d 723 (Ala.Civ.App.2009).